[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2007
THOMAS K. KAHN
CLERK

No. 07-10631
Non-Argument Calendar
_____

BIA Nos.
A79-483-734 & A79-483-735

JORGE ALBERTO RAMIREZ NINO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 14, 2007)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jorge Alberto Ramirez Nino, a native and citizen of Colombia, petitions this

Court for review of the final order of the Board of Immigration Appeals that affirmed the decision of an Immigration Judge to deny Ramirez's application for withholding of removal. We deny the petition.

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo the legal determinations of the BIA, id., and review factual findings of the BIA under the substantial evidence test, Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). "Under this highly deferential standard of review, the [BIA's] decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id.

Ramirez argues that he is entitled to withholding of removal, but to qualify for withholding of removal, Ramirez had to establish that it is more likely than not that he would be persecuted if returned to Colombia. Mendoza v. U.S. Att'y Gen. 327 F.3d 1283, 1287 (11th Cir. 2003); 8 U.S.C. § 1231(b)(3). To satisfy his burden, Ramirez was required to present specific and credible evidence (1) of past persecution on account of a protected ground; or (2) that on account of a protected ground it "is more likely than not" he will suffer future persecution. 8 C.F.R. § 208.16(b)(1), (2). Persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation," and "not all exceptional treatment is persecution." Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290 (11th

2

Cir. 2006).

Substantial evidence supports the decision of the BIA that Ramirez failed to meet his burden of proof for at least two reasons. First, Ramirez's evidence of threats did not compel a finding that he suffered past persecution. Ramirez received threatening telephone calls from guerrillas and two unidentified men attempted to block his path in the road one evening, but Ramirez was never harmed. Ramirez also testified that guerillas demanded money and goods from his step-father's company, which employed Ramirez, but the guerillas failed to retaliate when the company refused their demands. Second, the record supports the finding that Ramirez would not suffer persecution if returned to Colombia, because Ramirez's step-father has remained in Colombia without incident.

We lack jurisdiction to review Ramirez's remaining argument that the immigration judge denied him due process, because Ramirez did not raise this argument before the BIA. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250–51 (11th Cir. 2006).

**PETITION DENIED.**